# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3979 | **DATE** | 4/5/2004 |
| **CASE TITLE** | Trst Cement MaPenFd, et al. vs. F&V Cement Constr., Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, defendant Maria Partipilo's motion to dismiss without prejudice Count III of the amended complaint (doc. # 32) against her is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 07 2004 | |
| | Notified counsel by telephone. | | date docketed | 44 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| mm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502,<br><br>Plaintiffs,<br><br>vs.<br><br>F & V CEMENT CONTRACTORS, INC., an Illinois corporation, and FRANK PARTIPILO, individually; and BERNARDINA BARBENETE, individually; and MARIA PARTIPILO, individually,<br><br>Defendants. | APR 07 2004<br><br>No. 02 C 3979<br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER[1]

This matter comes before the Court on a motion by individual defendant Maria Partipilo pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiffs (collectively the "Funds") have brought this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, 1145, and the Taft Hartley Act, 29 U.S.C. § 185, against corporate defendant F & V Cement Contractors, Inc. ("F & V") and individual defendants Frank Partipilo, Bernardina Barbenete, and Maria Partipilo. In their three-count amended complaint, the Funds seek an order requiring the corporate and

---

[1]Pursuant to 28 U.S.C. § 636(c), all parties to this case have voluntarily consented to have a United States Magistrate Judge conduct all proceedings in this case, including the entry of final judgment (see doc. ## 20, 21, 22, 42, __).

individual defendants to submit an audit of their books and to pay all unpaid contributions (as well as attorneys' fees and costs). Count III of the amended complaint alleges that all three individual defendants engaged in a "fraud to avoid payment of contributions to the funds" (Am. Compl., at 5).

Ms. Partipilo has moved to dismiss Count III of the Funds' amended complaint, which is the only count that pertains to her (doc. # 32). For the reasons set forth below, Ms. Partipilo's motion to dismiss is granted.

I.

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When ruling on a motion to dismiss, a court assumes that all well-pled allegations are true and draws all reasonable inferences in the light most favorable to the moving party. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 530 U.S. 1244 (2000).

Although it is often said that a claim may be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327, 104 L. Ed. 2d 338, 109 S.Ct. 1827 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S.Ct. 2229 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (quoting *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984)). Rather, the complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Chawla v. Klapper*, 743 F. Supp. 1284, 1285 (N.D. Ill. 1990).

II.

The relevant allegations set forth in the Funds' amended complaint, which we will take as true for purposes of ruling on this motion, are as follows. Since June 30, 1975, F & V has been required to make periodic contributions to the Cement Masons Pension Funds on behalf of its employees pursuant to collective bargaining agreements (Am. Compl., at 3). Beginning on January 1, 1998 and continuing through the filing date of the amended complaint (November 18, 2003), F & V has failed to make some of the contributions required by the collective bargaining agreement (*Id.*). Maria Partipilo, along with the other two individual defendants, allegedly "controlled the actions of F & V and were at all times aware of the wrongful conduct of the company" (*Id.* at 5). These individual defendants allegedly engaged "in a scheme and or conspiracy to deprive the funds of required contributions and or their conscious and knowing involvement in submitting false contribution reports to the funds." (*Id.* at 5).

Specifically, the Funds allege that Ms. Partipilo, and the other two individual defendants, made false statements of material facts to the Funds by: (1) concealing the existence of "side jobs"; (2) concealing wage payments to employees; (3) falsely reporting employees as laid off to collect unemployment benefits; and (4) knowingly under-reporting fringe benefit reports (*Id.* at 5-6). Accordingly, the Funds claim that "[b]y reason of the aforesaid the Individually Named Defendants are also alter egos of the Company and liable in their individual capacities for all the actions of the company" (*Id.* at 6).

## III.

Under Count III of the amended complaint, a basis of liability for the individual defendants could only arise under 29 U.S.C. § 1145.[2] Under Section 1145, only an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under terms of a collectively bargained agreement" faces liability.

Therefore, we must first determine whether Ms. Partipilo is an "employer" under 29 U.S.C. § 1145. "The term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). In their amended complaint, the Funds have alleged not that Ms. Partipilo is an employer, but rather that "Maria Partipilo is an employee, officer and owner of F & V" (Am. Compl., at 5). "Congress did not intend through Section 1145 to upset the general rule that individuals are not liable for corporate debt." *Sullivan v. Cox*, 78 F.3d 322, 325 (7th Cir. 1996). In fact, "[c]ourts routinely rebuff efforts to collect pension debts from managers unless the officer or investor would be liable under state law – in other words, unless courts would 'pierce the corporate veil.'" *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186, 1194 (7th Cir. 1996).

Consequently, for Ms. Partipilo to face individual liability under Section 1145, she must face some liability under state law.

> Under Illinois law, it is a well-established principle that a corporation is separate and distinct as a legal entity from its shareholders, directors, and officers . . . Under the Illinois alter ego doctrine, courts will pierce the corporate veil only when plaintiff shows that: (1) "the corporation was so controlled and manipulated that it had become a mere instrumentality of

---

[2] 29 U.S.C. § 185 and 29 U.S.C. § 1132, which the Funds also cite, only provide the Funds the right to sue, and delineate what damages are recoverable. They do not set forth who properly may be sued as defendants.

4

another" and (2) "recognition of a separate corporate identity would sanction a fraud or promote injustice."

*Classic Fire & Marine Insurance Co. v. Illinois Insurance Exchange*, 1997 U.S. Dist. LEXIS 19524, at *15 (N.D. Ill. December 2, 1997). Factors to be considered in determining the first element include "(1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation at the relevant time; (6) non-functioning of other officers or directors; (7) absence of corporate records; and (8) whether the corporation is an insignificant veneer for the operation of dominate shareholders." *NPF WL, Inc. v. Sotka*, No. 99 C 7966, 2000 WL 574527, at *7 (N.D. Ill. May 10, 2000).

The Funds' amended complaint fails to plead any allegations which satisfy the two elements required to pierce the corporate veil. The last paragraph of Count III simply states "[b]y reason of the aforesaid the Individually Named Defendants are also alter egos of the Company and liable in their individual capacities for all the actions of the Company (Am. Compl., at 6). The "aforesaid" allegations almost exclusively pertain to alleged conduct by Ms. Partipilo (and others) directed at the Funds (*Id.*, ¶¶ 8, 13-18). While plaintiffs also allege that Ms. Partipilo "controlled the actions of F & V and [was] at all times aware of the wrongful conduct of the company" (*Id.*, 12), that is the kind of barebones, conclusory allegation that has been found insufficient to state an alter ego claim even under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a). *See NPF WL*, 2000 WL 574527, at *7-8; *see also Northwestern Corp. v. Gabriel Mfr. Co, Inc.*, No. 95 C 2004, 1996 WL 732519, at *10-11 (N.D. Ill. Dec. 18, 1996). *A fortiori*, this allegation falls far short of the kind of specificity required by Federal Rule of Civil Procedure 9(b), which at least one court in this district has applied to alter ego claims. *See Typographics Plus, Inc. v. I.M. Estrada &*

*Co., Inc.*, No. 98 C 886, 2000 U.S. Dist. LEXIS 10351, at *13 (N.D. Ill. July 14, 2000 (D. J. Williams).

## CONCLUSION

For the foregoing reasons, defendant Maria Partipilo's motion to dismiss without prejudice Count III of the amended complaint (doc. # 32) against her is granted.

ENTER:

*[signature]*

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: April 5, 2004**